**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-23416-ELFENBEIN

**CODY GABRIEL**,

     Plaintiff,

v.

**SOHO BEACH HOUSE HOTEL**, *et al.*,

     Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court on *pro se* Plaintiff Cody Gabriel's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion").  *See* ECF No. [3]. Pursuant to Administrative Order 2025-11, which applies to cases that include as a party "a non-prisoner *pro se*" litigant, this case was assigned to me as the presiding judge for all purposes, including entering dispositive orders, presiding over any trial, and entering a final judgment.  For the reasons explained, the IFP Motion, **ECF No. [3]**, is **DENIED**.

**I.    BACKGROUND**

In most situations,[1] a plaintiff who initiates a civil action in this District must pay a filing fee of $405.  *See* 28 U.S.C. § 1914(a); *Flannery v. USAA Gen. Indem. Co.*, No. 24-cv-14390, 2024 WL 5485793, at *1 (S.D. Fla. Dec. 23, 2024); Court Fees, U.S. Dist. Ct. for S.D. Fla., https://www.flsd.uscourts.gov/court-fees (last visited July 31, 2025).  A plaintiff can avoid paying the filing fee by including along with his complaint a motion to proceed *in forma pauperis* ("IFP"). *See, e.g.*, 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir.

_____

[1] For an application for a writ of habeas corpus, the filing fee is $5.  *See* 28 U.S.C. § 1914(a).

2004).  A plaintiff moving to proceed IFP must submit "an affidavit that includes a statement of all assets" the plaintiff possesses, a statement "that the person is unable to pay" the filing fees, "the nature of the action," and the "affiant's belief that" he "is entitled to redress."  *See* 28 U.S.C. § 1915(a)(1).[2]

Plaintiff has submitted the required affidavit, which is contained on the Court's "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."  *See* ECF No. [3].  In his affidavit, Plaintiff avers that he has had an average monthly income of $6,942 during the past 12 months, which breaks down into $5,641 from employment and $1,301 from public assistance, and that he expects $746 in income next month, which breaks down into $543 from employment and $203 from public assistance.  *See* ECF No. [3] at 1–2.  He lists two employers over the last two years, one paying $624 per month and the other paying $492 per month; indicates he held both jobs between early January and late March 2025; and notes he stopped working on April 30.  *See* ECF No. [3] at 2.  His monthly expenses are $1,038.98.  *See* ECF No. [3] at 4–5.

By writing "N/A" on the form in the relevant places, Plaintiff indicates he has no money in a bank account and no assets, no one owes him money, and no one relies on him for support. *See* ECF No. [3] at 2–3.  He does not expect to have any expenses or attorney's fees in connection with this lawsuit, nor does he expect any major changes to his monthly income or expenses during the next 12 months.  *See* ECF No. [3] at 4–5.  He did not write anything in the space on the form where he could provide any other information that will help explain why he cannot pay the costs of these proceedings.  *See* ECF No. [3] at 5.

---

[2] Though the plain language § 1915 appears to make its provision applicable only to prisoners, "the affidavit requirement applies to all persons requesting leave to proceed IFP."  *Martinez*, 364 F.3d at 1306.

## II.    LEGAL STANDARD

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915.

The Eleventh Circuit has "observed that a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.  This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly."  *Martinez*, 364 F.3d at 1306 (citation omitted).   "When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty."  *Id.* at 1307 (alterations adopted, quotation marks and footnote omitted). "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915."  *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)).

"Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Id.* (footnote omitted).   "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements."  *Id.*   "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the

question of whether the asserted claim is frivolous." *Id.* (alterations adopted).

### III.   DISCUSSION

The Court may grant Plaintiff's IFP Motion if the statements in his affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. While the affidavit need not show Plaintiff is absolutely destitute for him to qualify for indigent status under § 1915, it must at minimum show that, because of his poverty, he cannot pay for the court fees and costs while still being able to support and provide necessities for himself and his dependents. *Id.* Plaintiff's affidavit fails to do so here.

The Court starts its analysis by looking at the Department of Health and Human Services ("HHS") poverty guidelines, as these are central to an assessment of an applicant's poverty. *See, e.g.*, id. at 1307 n.5 (comparing IFP applicant's affidavit to the HHS guidelines to determine he was above the poverty line and not absolutely destitute); *Sanchez v. Nordstrom, Inc.*, No. 20-CV-20017, 2020 WL 13401700, at *1 (S.D. Fla. Jan. 3, 2020); Annual Update of the HHS Poverty Guidelines, 90 Fed. Reg. 5917, 5917–18 (Jan. 17, 2025). The § 1915 analysis also requires the Court to compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

In the IFP motion, Plaintiff avers that he has no dependents. *See* ECF No. [3] at 3. Thus, the Court must consider the poverty table as it relates to a one-person household. According to the 2025 HHS poverty table, a one-person household meets the poverty threshold with an annual income of $15,650 or less. *See* 90 Fed. Reg. at 5917. Here, Plaintiff's income far exceeds the poverty guidelines. His IFP Motion shows that he has had an average monthly income of $6,942

during the past 12 months, which equates to an annual income of $83,304 per year.[3]  And although

Plaintiff says that he expects to have $746 in income next month, he contradictorily avers that he

does not expect any major changes to his monthly income or expenses during the next 12 months.

*See* ECF No. [3] at 2, 5.  When comparing Plaintiff's past income to his roughly $1,039 in monthly

expenses, *see* ECF No. [3] at 4–5, Plaintiff's comprehensive accounting is not sufficient on its face

to demonstrate economic eligibility.  *See Martinez*, 364 F.3d at 1307.  As a result, Plaintiff does

not qualify for indigent status in this civil action.  *See id.* at 1306 (noting that, in civil cases for

damages, courts should grant the privilege of IFP status sparingly).

## IV.    CONCLUSION

For the reasons stated herein, the IFP Motion, **ECF No. [3]**, is **DENIED**.[4]  Accordingly,

Plaintiff shall pay the $405 filing fee to the Clerk of Court **no later than August 8, 2025**.  Failure

to submit the required filing fee by the deadline will result in the dismissal of this action without

prejudice.

**DONE and ORDERED** in Chambers in Miami, Florida on July 31, 2025.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:
**Cody Gabriel**
1545 NW 7th Avenue
Miami, FL 33136
305-527-7503
Email: codyjimmygabriel0220@outlook.com
*PRO SE*

---

[3] Even using Plaintiff's past average monthly income from employment only (omitting public assistance), which is $5,641, his annual income is still above the poverty line at $67,692.

[4] The Court notes that Plaintiff has filed numerous IFP motions in other cases within this District, many of which have been denied for this same reason. *See, e.g.*, *Gabriel v. The Pinnacle Condo. Ass'n, Inc.*, Case No. 25-23160-CIV-ALTONAGA/Reid, ECF No. [17] at 3.  Indeed, this Court has itself twice denied Plaintiff's IFP motions on this basis.  *See id.*, ECF No. [6]; ECF No. [8].